**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 00-4003

ARNOLD CHARLES CABARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-271)

Submitted: June 30, 2000

Decided:  July 19, 2000

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David L. Epperly, Jr., EPPERLY, FOLLIS & SCHORK, P.C., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, James B. Comey, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arnold Charles Cabarris* appeals the district court's denial of his motion for a new trial based on newly discovered evidence following his jury convictions for conspiracy to possess with the intent to distribute cocaine base and distribution of cocaine base. Finding no abuse of discretion, we affirm.

Cabarris asserts newly discovered evidence demonstrates the key government witness at his trial, Frantwand Lewis, is unworthy of being believed and requires a new trial. This court applies a five-part test in determining whether a Fed. R. Crim. P. 33 motion for new trial based upon newly discovered evidence should be granted: "(i) is the evidence, in fact, newly discovered; (ii) are facts alleged from which the court may infer due diligence on the part of the movant; (iii) is the evidence relied upon not merely cumulative or impeaching; (iv) is the evidence material to the issues involved; and (v) would the evidence probably result in acquittal at a new trial?" United States v. Rhynes, 206 F.3d at 360 (4th Cir. 1999) (en banc), cert. denied, ___ U.S. ___, 2000 WL 622939, 622949, 626304 (U.S. June 5, 2000) (Nos. 99-9386, 99-9393, 99-9458) (quoting United States v. Chavis, 880 F.2d 788, 792 (4th Cir. 1989)). Except in rare circumstances not present in this case, this court generally requires the appellant to satisfy all five elements before a new trial is awarded. See Rhynes, 206 F.3d at 360 (citation omitted). We review the denial of a motion for new trial for abuse of discretion. See id.

Cabarris admits the newly discovered evidence in his case does not meet all five Rhynes requirements, but asserts that his is a rare case wherein the new evidence, which is of impeachment value only, demonstrates Lewis is utterly unworthy of being believed. We agree with the district court that, even if the newly discovered evidence were admissible, Cabarris fails to satisfy the third and fifth elements of the test, and his is not the "rare case" wherein a new trial should be

_____

*We have maintained the spelling of Appellant's name as it appears in the district court's docket and in his own appellate brief.

2

awarded based solely upon newly discovered impeachment evidence. See Rhynes, 206 F.3d at 360.

Based on the foregoing, we find the district court did not abuse its discretion when it denied Cabarris' motion for a new trial based on newly discovered evidence. Accordingly, we affirm the denial of his motion for new trial on the reasoning of the district court. See United States v. Cabarris, No. CR-98-271 (E.D. Va. Dec. 16, 1999). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3